# NO. 12-22-00274-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE ONEAL BLACKSHIRE,* <br> *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jamie O'Neal Blackshire appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with endangering a child and aggravated assault with a deadly weapon. The State filed a notice of punishment enhancement prior to trial. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, Officer Charles Yount testified that he was employed by the Jacksonville Police Department in July 2019 when he observed a vehicle speed across lanes of traffic and make a sudden stop next to his patrol vehicle. Officer Yount exited his vehicle to figure out what was going on. He testified that the driver of the vehicle, Latysha McCuin, appeared panicked and was covered in blood from stab wounds to the back of her head and left shoulder. Appellant then

exited the car and fled. McCuin told Officer Yount that Appellant stabbed her when he realized she was taking him home. Appellant is the father of her children and had come to visit. However, McCuin decided that it was time for Appellant to leave and he did not want to comply. McCuin's children were in the vehicle at the time of the incident, and the oldest child corroborated the story.

McCuin's children testified at trial that Appellant stabbed their mother. McCuin denied the incident at trial, insisting that she fell and hurt herself. She also testified that she did not "press charges" against Appellant and that she signed an affidavit of non-prosecution. Appellant did not testify at trial; however, his custodial interview was admitted into evidence in which he claimed the incident was an accident.

The jury ultimately found Appellant "not guilty" of endangering a child and "guilty" of aggravated assault with a deadly weapon. At punishment, Appellant pleaded "true" to the enhancement paragraphs. The jury assessed punishment at seventeen years confinement and a $10,000 fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no arguable grounds for appeal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.

Appellant contends in his pro se response that his trial counsel was ineffective.[1] Specifically, he urges his trial counsel failed to interview the victim in person and failed to offer affidavits of non-prosecution into evidence. He further argues that the evidence is insufficient to support his conviction.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. ***Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

**C**ONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See **id**.* Accordingly, we ***affirm*** the judgment of the trial court.

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits and now ***grant*** counsel's motion for leave to withdraw.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered February 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 22, 2024**

**NO. 12-22-00274-CR**

**JAMIE ONEAL BLACKSHIRE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court
of Cherokee County, Texas (Tr.Ct.No. 21338)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*